

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 8, 1977

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas

Opinion No. H- 950

Re:  Payment of remittance
of a judgment of a bail
bond forfeiture.

Dear Mr. Resweber:

You have requested our opinion concerning the proper
payment of a judgment for remittance of moneys collected
from the surety in a bail bond forfeiture.  You have asked
the following questions:

> 1.  May the County Auditor legally approve
> a disbursement pursuant to the judgment?
>
> 2.  From which fund should such disbursement
> be made?
>
> 3.  Should the fees and/or commissions of
> the District Attorney and District Clerk, which
> were deducted from the forfeited bond, be
> adjusted on the basis of the net amount of
> forfeiture after remittance?

Section 12(a) of article 2372p-3, V.T.C.S., expressly
provides for such judgments of remittance and was held
constitutional in Robinson v. Hill, 507 S.W.2d 521 (Tex.
1974).  Accordingly, it is clear that a claim based upon
such a judgment is authorized by law and should be approved
by the County Auditor.  See also Attorney General Opinion
O-1847 (1940).

Your next question concerns the fund from which the remittance should be paid. You note that article 1628, V.T.C.S., in effect provides that all "fines and forfeitures" shall be deposited in the Road and Bridge Fund. In addition, article 1007, Texas Code of Criminal Procedure, provides for the district attorney to receive ten per cent of all fines and forfeitures he recovers for the State or county, and for the district clerk to receive five per cent thereof. Of course, these officers are on a salary basis, article 3912e, section 19(d), V.T.C.S., and the fees collected are therefore deposited in the Officers' Salary Fund. V.T.C.S. art. 3912e, § 5.

In our view, the claim for remittance is a general obligation of the county and should be paid from the General Fund. V.T.C.S. arts. 1626, 1628. Of course, the Commissioners' Court is authorized to transfer funds from the Road and Bridge Fund to the General Fund. Tex. Const., art. 8, § 9; Attorney General Opinion H-194 (1974).

We see no purpose or authority for the removal of fees and/or commissions from the Officers' Salary Fund, for there is an annual interchange between the General Fund and the Officers' Salary Fund. If the Salary Fund is insufficient, it is required to be supplemented from the General Fund. V.T.C.S., art. 3912e, § 19(k). Furthermore, all moneys remaining in the Salary Fund at the end of each fiscal year are transferred to the General Fund. V.T.C.S. art. 3912e, § 19(m). These are the only transfers authorized with respect to the Officers' Salary Fund, and they would apparently make any further transfers purposeless. Accordingly, in our opinion, the fees and/or commissions of the district attorney and district clerk should not be adjusted to reflect the remittance of the fines and forfeitures from which those fees and/or commissions were deducted.

### S U M M A R Y

A county auditor may legally approve a claim based upon a judgment for remittance of some or all of an amount recovered in a bail bond forfeiture. The claim should be paid from

the General Fund and the contribution from the original forfeiture to the Officers' Salary Fund should not be utilized.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb